**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| BRANDON GREGORY, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:22-cv-00125-PLC |
| MICHAEL MARTIN PRITCHETT, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Brandon Gregory for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 3). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint without prejudice.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In this case, plaintiff has not submitted an inmate account statement as required by 28 U.S.C. § 1915(a)(2). Nevertheless, having reviewed the information contained in the motion, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73

(8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a self-represented litigant who is currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri. He brings this civil action pursuant to 42 U.S.C. § 1983, naming Judge Michael Martin Pritchett as defendant. (Docket No. 1 at 2). According to plaintiff, Judge Pritchett is a judge for the Circuit Court of Butler County, Missouri. Plaintiff does not indicate the capacity in which Judge Pritchett is sued.

The complaint is on a Court-provided prisoner civil rights complaint form. There are no allegations in the "Statement of Claim" section of the complaint. (Docket No. 1 at 3). Plaintiff has also neglected to list any injuries or request any form of relief. (Docket No. 1 at 4-5). He has,

however, filled out the other sections of the complaint form, and has affixed his signature. (Docket No. 1 at 10).

Though he has not presented any factual allegations, in the Court's "Original Filing Form," plaintiff makes reference to a Missouri state criminal case, *State of Missouri v. Gregory*, No. 22BT-CR00438-01 (36th Jud. Cir., Butler County).[1] (Docket No. 1-3). In that case, plaintiff was charged by information on May 5, 2022 with failure to register as a sex offender. On June 14, 2022, plaintiff pled guilty, and was sentenced to ten years' imprisonment in the Missouri Department of Corrections. Plaintiff did not file an appeal. The state criminal case was assigned to Judge Pritchett, who is named as defendant here.

**Discussion**

Plaintiff is a self-represented litigant who has filed a prisoner civil rights action under 42 U.S.C. § 1983, naming a state court judge as the sole defendant. Because he is proceeding in forma pauperis, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915. Based on that review, the Court has determined that his case is subject to dismissal.

Pursuant to the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Even though he is proceeding as a self-represented litigant, plaintiff is still required to comply with this rule. *See Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) (explaining that, in general, a pro se party is not excused "from complying with a court's orders and with the Federal Rules of Civil Procedure"); and *Brown v.*

---

[1] The Court reviewed plaintiff's criminal case on Case.net, Missouri's online case management system, and takes judicial notice of this public record. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

*Frey*, 806 F.2d 801, 804 (8th Cir. 1986) ("Pro se litigants are not excused from compliance with substantive and procedural law").

Here, plaintiff has not presented a short and plain statement showing that he is entitled to relief. To the contrary, he presents no statement whatsoever, much less any allegations demonstrating that Judge Pritchett violated his constitutional rights. Plaintiff's failure to comply with Fed. R. Civ. P. 8 makes this action subject to dismissal. *See Micklus v. Greer*, 705 F.2d 314, 317 n.3 (8th Cir. 1983). *See also White v. United States*, 588 F.2d 650, 651 (8th Cir. 1978) (affirming dismissal under Fed. R. Civ. P. 8(a) for a complaint described as unintelligible and a "wholly incomprehensible compilation of unrelated phrases, diatribes, and ramblings"); and *Cody v. Loen*, 468 Fed. Appx. 644, 645 (8th Cir. 2012) (stating that a pro se litigant is not excused from Fed. R. Civ. P. 8, "which requires a short and plain statement showing the pleader is entitled to relief").

The Court has further determined that it would be futile to have plaintiff amend, given that he is attempting to sue a state court judge, ostensibly due to the judge's handling of plaintiff's case in *State of Missouri v. Gregory*, No. 22BT-CR00438-01 (36th Jud. Cir., Butler County).

First, if plaintiff attempts to sue Judge Pritchett in his official capacity, such a claim would be treated as being made against the State of Missouri itself, his employer. *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017) (explaining that in an official capacity claim against an individual, the claim is actually "against the governmental entity itself"); and *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (stating that a "suit against a public employee in his or her official capacity is merely a suit against the public employer"). To the extent that plaintiff might seek monetary damages, such a claim would be barred by sovereign immunity. *See Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999) ("A claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment"). To the extent that

plaintiff might seek injunctive relief regarding his conviction or sentence, including immediate or speedier release, such a claim is not cognizable under 42 U.S.C. § 1983. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (explaining that Supreme Court "has held that a prisoner in state custody cannot use a [42 U.S.C.] § 1983 action to challenge the fact or duration of his confinement"); and *Adams v. Agniel*, 405 F.3d 643, 644-45 (8th Cir. 2005) (explaining that a habeas action is the proper vehicle for a prisoner to challenge the legality of his sentence or seek immediate or speedier release).

Second, if plaintiff attempts to sue Judge Pritchett in an individual capacity regarding Pritchett's handling of plaintiff's criminal case, the claim would likewise be subject to dismissal. That is because Judge Pritchett has immunity for actions taken in his judicial capacity. *See Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 925 (8th Cir. 2020) (explaining that "[j]udicial immunity is immunity from suit," and "is grounded in a general principle of the highest importance, that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself"). This immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). *See also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice"). Moreover, "a judge will not be deprived of his immunity because the action he took was in error or was in excess of his authority." *Justice Network, Inc. v. Craighead Cty.*, 931 F.3d 753, 760 (8th Cir. 2019). Based on the broad immunity from 42 U.S.C. § 1983 suit, it is unlikely that plaintiff can bring a claim against Judge Pritchett.

For all these reasons, the Court has determined that this action should be dismissed without prejudice.

**Motion for Appointment of Counsel**

Plaintiff has filed a motion for appointment of counsel. (Docket No. 2). The motion will be denied as moot as this case is being dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 2) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this order of dismissal would not be taken in good faith.

Dated this 1st day of December, 2022.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE